KILCOMMONS LAW, P.C.
Kevin M. Kilcommons, Esq. (040821986)
Gray Rock Professional Building
99 Gray Rock Road, Suite 101
Clinton, NJ  08809
Attorney for Plaintiff, Sapan Inamdar and
SPI Investments, LLC

| | |
|---|---|
| SAPAN INAMDAR AND SPI INVESTMENTS, LLC, <br><br>     Plaintiffs, <br><br> vs. <br><br> MASSAGE LUXE INTERNATIONAL, LLC, <br><br>     Defendant. | SUPERIOR COURT OF NEW JERSEY <br> LAW DIVISION <br> MIDDLESEX COUNTY <br> DOCKET NO.: <br><br> **Civil Action** <br><br> VERIFIED COMPLAINT <br> (New Jersey Franchise Practices Act, <br> Negligent Misrepresentation, Contract, <br> Unjust Enrichment and Declaratory Relief) |

Plaintiffs SPI Investments, LLC, ("SPI"), a New Jersey limited liability company with having an office at 1430 Parillo Court, North Brunswick, N.J., and Sapan Inamdar, a resident of New Jersey ("Plaintiffs"), by way of Complaint against Defendant Massage Luxe International LLC ("MLI"), a Missouri limited liability company with its registered agent located at 16052 Swingley Ridge Road, Suite 120, Chesterfield, MO 63017, state as follows:

## FACTUAL BACKGROUND

1.      Plaintiffs own a MLI franchise located at 3562 Route 27, South Brunswick, N.J., d/b/a Kendal Park ML LLC.

2.      Plaintiffs entered into an Area Development Agreement ("ADA") with Defendant on or about July 29, 2014, in return for a development fee of $200,00.00; the purpose of which was for Plaintiffs to develop additional franchises in New Jersey.

3.      Plaintiffs, prior to purchasing the ADA, spent time discussing the same with MLI's then-CEO, Todd Beckmann, who unequivocally represented to Plaintiffs that if they purchased the ADA, they would have a guaranteed stream of additional income through the ADA.

4.      Mr. Beckmann represented to Plaintiffs that the ADA, like their spa-franchise locations, comprised the purchase of a fungible asset, which MLI could not and would not ever seek to rescind.

5.      Plaintiffs had a right to rely on the CEO's statements and in fact did, in their purchase of the ADA.

6.      The ADA obligated Plaintiffs to support franchisees in the ADA's regional purview, as well as work to bring new franchisees into the MLI system—meaning that the ADA required Plaintiffs to open new franchises in New Jersey, typically through a third party brought in as a new franchisee.

7.      The ADA entitled Plaintiffs to compensation comprising a portion of the monthly franchise fee paid to MLI, by all franchisees within the ADA's territory.

8.      Plaintiffs' own franchised spas in New Jersey, and would pay less of a franchise fee to MLI, per the ADA.

9.      The ADA, pursuant to documents provided to Plaintiff by MLI, after Plaintiff purchased the ADA, also entitled Plaintiffs the "exclusive right and license . . . to use Franchisor's system and MassageLuxe Marks . . . as necessary to recruit franchisees and to train and service franchisees. . . ."

10.     On May 31, 2022, Defendant's counsel sent the attached Termination Notice to Plaintiffs (the "Termination").

11. The Termination stated that in "compliance with Missouri and New Jersey Laws and the ADA . . . the Franchisor terminates the term of the ADA . . . and all your rights related thereto."

12. From 90 days after Defendants' Termination, August 31, 2022, Plaintiffs have not received their portion of the contracted monthly franchise fees for Defendant's franchisees in New Jersey.

13. Plaintiffs have been divested of approximately 26 months of disbursements from their ADA.

14. Moreover, Plaintiffs were never compensated for the ADA's value, resulting in Plaintiffs suffering an additional loss in terms of the ADA's value (purchase price, adjusted).

## COUNT I

### VIOLATIONS OF THE NEW JERSEY FRANCHISE PRACTICES ACT

1. Plaintiffs incorporate their prior paragraphs as if restated herein.

2. The ADA is a franchise document subject to the Act.

3. MLI has violated the New Jersey Franchise Practices Act N.J.S. 56:10-1, *et seq.* and continues to do so as of this filing.

4. First, MLI has made omissions and misrepresentations of materials facts in its Franchise Disclosure Documents (the "FDD") of the past years.

5. Defendant's Exhibit E failed to include New Jersey's franchise practices requirements, despite its intent to and success in selling franchises operating in New Jersey.

6. The FDD's Exhibit G purports to include "State Specific Addenda," but again, fails to provide a New Jersey Addendum, despite New Jersey and federal law requiring the same, giving the New Jersey Franchise Practices Act. Ex. D.

7. Second, the Act prohibits Defendant's cancellation of the ADA without proper notice, a proper cure period, and good cause.

8. The Termination notice provides neither good cause, nor provision of an attempt to cure, as New Jersey law requires.

9. The Termination notice states that Plaintiffs "failed to fully cure" their "breach of the development schedule well beyond the 90-day cure period permitted by the ADA, as modified."

10. But near the same time Plaintiffs received the Termination notice, MLI's then CEO Mark Otter called Mr. Inamdar on August 4 or 6, 2021, and told Mr. Inamdar in no uncertain terms that MLI was terminating Plaintiffs' ADA and there was no discussion thereabout.

11. Indeed, since MLI's taking of Plaintiffs' ADA, MLI has made it very clear that it is cancelling the Area Development Agreement, evidencing that MLI had no intention of allowing Plaintiff to cure or retain their ADA.

12. MLI's April 10, 2023 Franchise Disclosure Document states:

In the past we offered an Area Development Agreement which authorized the "Developer" to develop, own and operate a Spa and serve as our independent representative to solicit franchisees, provide initial training, and opening and on-going assistance and supervision to franchisees in the territory designated in a specific territory. We are not currently offering this Area Development Program; however, you may receive training and on-going assistance and supervision from one of the existing Developers.

13. The Termination notice's purported cure period was a hollow attempt to comply with the Act.

14. Third, the Act prohibits Defendant's repeated requirement that Plaintiffs execute a release of MLI for their ADA purchase, as well as amendments or other agreements with Plaintiffs, relating to the ADA.

15. Indeed, the ADA's 2019 Amendment's paragraph 2, title "Release," states that "DEVELOPER and GUARANTOR, for themselves, their successors heirs and assigns to hereby remise, release and forever discharge FRANCHISOR and FRANCHISOR's subsidiaries, division. . . ."

16. Defendant demanded that Plaintiffs sign this Amendment to the ADA, which included prohibited releases under the Act by Plaintiffs, of Defendant MLI.

17. Fourth, the Act prohibits Defendant's termination and conversion of the ADA without compensating Plaintiff for the ADA's fair value.

18. Plaintiffs paid MLI $200,000.00 for the ADA in 2014, which would amount to approximately $266,000.00 in 2024 U.S. Dollars.

19. Additionally, Mr. Inamdar has worked full time for his Spas and his ADA, thus increasing its good will value.

20. Stated differently, if Plaintiffs had invested $200,000.00 into the "market," they would have realized a gain of approximately 173.58% (as adjusted for inflation, without which the return is 265%), resulting in a return of $530,000.00.

21. Instead, if Defendant has its way, Plaintiffs will be left with nothing.

22. Defendant franchisor has not only failed and refused to compensate Plaintiffs but failed and refused to participate in any discourse with Plaintiffs, as to how to determine the ADA's value.

23. MLI's Franchise Disclosure Documents from the past five years including the 2019 FDD state that ADA accounts "will be considered our **property** and you will have no claim to them." Ex. B at p. 51 (emphasis added).

24. In the FDD, MLI admits that while cancelling the ADA program, MLI created a "new" program called "National Accounts." *Id.*

> National Account means those customers with more than 1 location covered by an agreement for services which are not located solely in the territory of one franchisee. If you obtain an account that may be considered a National Account, you must refer it to us and it will be treated as a National Account; however, we reserve the absolute right to reject any such account for any reason. . . .

> National Accounts shall be negotiated solely by us or our affiliates, even if you procure the National Account. If one or more locations of a National Account falls within your Territory, we will first offer you the opportunity to provide Services to those locations on the terms and conditions that we have established with the National Account. You are not required to provide Service to a National Account and if you do not accept our offer to do so in the manner and within the time period that we specify, we have the right to provide Services to the account ourselves, or may authorize other Spas, to provide such Services. *Id.*

25. Defendant's unilateral termination of the ADA without good cause was a violation of the Act.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendant Massage Luxe International LLC awarding Plaintiffs compensatory and consequential damages, statutory attorneys' fees and costs, their mediation and other costs, and for whatever further relief the Court deems necessary, equitable and just.

COUNT II

NEGLIGENT MISREPRESENTATION

1. Plaintiffs repeat and reallege each of the foregoing paragraphs herein.

2. The Defendant's CEO's statements made to Mr. Imandar, to wit, that were the Plaintiffs to agree to a contract to undertake Area Development in New Jersey, then they would receive revenue from each of the Defendant's New Jersey franchisees, which statement(s) was incorrect, negligently made, and justifiably relied upon.

3. Defendant's authorized officer made an affirmative misrepresentation which has caused the Plaintiffs loss and substantial damages.

4. Plaintiff relied upon Defendant's authorized officer's negligent statement to its detriment and has been damaged.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendant Massage Luxe International LLC awarding Plaintiffs compensatory and consequential damages, reasonable attorneys' fees and costs, their mediation and other costs, and for whatever further relief the Court deems necessary, equitable and just.

## COUNT III

## BREACH OF CONTRACT

1. Plaintiffs repeat and reallege each of the foregoing paragraphs herein.

2. Section 7 of the ADA obligated Defendant to pay the Plaintiff 50% of the initial franchise fee for each new franchise unit, together with 40% of all royalty fees collected from these units operating in the development area.

3. Defendant, unilaterally and without sufficient or just cause, ceased paying Plaintiff these contract fees.

4. Defendant's breach of the ADA has caused Plaintiff damages.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment against Defendant Massage Luxe International LLC awarding Plaintiffs compensatory and consequential damages, reasonable attorneys' fees and costs, their mediation and other costs, and for whatever further relief the Court deems necessary, equitable and just.

COUNT IV

UNJUST ENRICHMENT

1. Plaintiffs repeat and reallege each of the foregoing paragraphs herein.

2. The Defendant unilaterally terminated the ADA program and replaced it with a National Account program.

3. At the time of Defendant's wrongful termination, the Plaintiff's ADA business was a going concern having a fair market value, including good will.

4. The Defendant received a benefit by unilaterally terminating the subject development area without just compensation to the Plaintiff.

5. Plaintiff expected remuneration for the unilateral termination of the development area, and the failure of that remuneration has enriched the Defendants.

WHEREFORE, Plaintiffs demands judgment against the Defendant Massage Luxe International LLC awarding Plaintiffs for compensatory and consequential damages, constructive trust, reasonable counsel fees and court costs, and for such other relief as the Court may deem just and equitable.

COUNT IV

DECLARATORY RELIEF

1. Plaintiffs repeat and reallege each of the foregoing paragraphs herein.

Page **8** of **11**

2.  For the reasons stated herein, Plaintiffs are entitled to declaratory relief.

WHEREFORE, Plaintiffs respectfully request this Court to enter an Order, thus:

A. Declaring Defendant's Area Development Agreement is subject to the New Jersey Franchise Practices Act;

B. Declaring that said Agreement is still in force and effect;

C. Declaring that all Area Development fees owed to Plaintiff's from August 2021 to date are hereby under constructive trust, whereby,

    a. MLI must immediately provide an accounting of all funds, to which Plaintiff would have had a right to, through the ADA, from termination to present; and

    b. MLI must deposit such funds, after accounted (including interest), into a third-party escrow account or with the Court;

D. Declaring that Plaintiffs are entitled to injunctive relief under the Act, thereby subject to a hearing for a Temporary Restraining Order and subsequent Preliminary Injunction;

E. Awarding compensatory and consequential damages, together with statutory punitive damages;

F. Awarding Plaintiffs reasonable statutory attorneys' fees and costs (mediation included); and

G. For whatever further relief the Court deems necessary, equitable and just.

## JURY TRIAL

Plaintiffs respectfully demand a trial by jury.

KILCOMMONS LAW, P.C.
Attorney for Plaintiffs

Kevin M. Kilcommons, Esq.

March 12, 2025

## VERIFICATION

Plaintiff, Sapan Inamdar, individually and as sole member of SPI Investments, LLC, hereby certifies as follows:

a)   I am the Plaintiff in the within matter;
b)   I am the sole member of SPI Investments, LLC; and
c)   I have read the foregoing Complaint and on my own personal knowledge, I know that the facts set forth herein to be true.

I certify that the above statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Sapan Inamdar

Dated: March 11, 2025

## CERTIFICATION

The undersigned hereby certifies the following:

1.   This action is the subject of a complaint filed by the Defendant in the Circuit Court of St. Louis County, State of Missouri, bearing Dkt. No. 25SL-CC01465. To the best of my knowledge and belief, this matter in controversy is not the subject of any further action pending in any court or of a pending arbitration, nor is any such proceeding contemplated.

2.   To the best of my knowledge and belief, there are no other parties who must be joined in this action.

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

I certify that the foregoing statements are true. I am aware that if any of the foregoing statements is willfully false, I am subject to punishment.

Kevin M. Kilcommons, Esq.

March 12, 2025